UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS LOCAL 1 CONNECTICUT HEALTH FUND; TRUSTEES OF THE BRICKLAYERS LOCAL 1 LABOR MANAGEMENT COOPERATION TRUST FUND; TRUSTEES OF THE BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND; TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE; and THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, LOCAL 1 CONNECTICUT<br><br>Plaintiffs<br><br>v.<br><br>PRIDE CONSTRUCTION, LLC,<br><br>Defendant. | Civil Action No.<br><br>June 1, 2020 |

## COMPLAINT

**PARTIES**

1.     Plaintiffs Trustees of the Bricklayers Local 1 Connecticut Health Fund; Trustees of the Bricklayers Local 1 Labor Management Cooperation Trust Fund; Trustees of the Bricklayers and Trowel Trades International Pension Fund; and the Trustees of the International Masonry Institute are the Trustees of a multi-employer employee benefit plan as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, (hereinafter "ERISA"), 29 U.S.C.

Sections 1002(3) and (37). The Funds are established and maintained by a Restated Agreement and Declaration of Trust and by a Collective Bargaining Agreement between the International Union of Bricklayers and Allied Craftworkers, Local 1 CT and Pride Construction, LLC (hereinafter "Pride"). The Funds are administered at Zenith American Solutions, 10 Technology Drive, P.O. Box 5817, Wallingford, Connecticut, 06492 and 1825 Eye Street, NW, Washington D.C., 20006.

2. The International Union of Bricklayers and Allied Craftworkers, Local 1 Connecticut (hereinafter "Union") is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. Section 152(5).

3. Pride is a Connecticut Limited Liability Company with an address located at 320 Munson Street, New Haven, CT, 06511. Pride transacted business as a contractor or subcontractor in the construction industry and at all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), and 2(2) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. Sections 142(1), (3), and 152(2); Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12) and (14); and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. Section 1001(a).

## JURISDICTION

4. This Court has jurisdiction of this action under Sections 502 and 515 of ERISA, 29 U.S.C. Sections 1132 and 1145, and under Section 301 of the LMRA, 29 U.S.C. Section 185(a). This is an action for breach of a Collective Bargaining Agreement

between an employer and a labor organization representing employees in an industry affecting commerce, and an action to collect contributions due to an employee benefit plan under the terms of the Collective Bargaining Agreement.

**Count I: Delinquent Contributions under ERISA**

5. The Plaintiffs hereby incorporate by reference Paragraphs 1-4 of the Complaint as fully set herein.

6. Defendant Pride entered into a Collective Bargaining Agreement with the Union on January 3, 2011 establishing the terms and conditions of employment for bricklayers employed by Pride.

7. The Collective Bargaining Agreement contains an "Evergreen Clause" which binds individual contractors to subsequent agreements between the Union and the respective Employer Associations, which are party to the Collective Bargaining Agreement absent written notice of withdrawal from the Collective Bargaining Agreement from a contractor to the Union within the time periods set forth in the Collective Bargaining Agreement.

8. Defendant Pride never gave written notice of withdrawal from the Collective Bargaining Agreement and therefore remained signatory to the Collective Bargaining Agreement for all relevant events at issue.

9. The Collective Bargaining Agreement also binds Pride to the provisions of the Agreement and Declarations of Trust that created the Funds ("Trust Agreements") and to the Funds' Collection Policy which provides for interest, liquidated damages,

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

reasonable attorney's fees, and sheriff and court costs to be imposed for the collection of any contributions that are not timely paid.

10. Defendant Pride employed certain employees covered under the Collective Bargaining Agreement throughout the relevant period for the months of September 2015 through the present.

11. Pursuant to the Collective Bargaining Agreement, Pride is required to make contributions to the Funds for each hour worked by its covered employees at the rate and in the manner specified in the Collective Bargaining Agreement and Trust Agreements.

12. Pride performed work on the Farnum Courts Project in 2017 and 2018 and performed at least 2,403 hours of work on this project for which benefit contributions were not remitted to the Funds.

13. The Union and Pride entered into an Escrow Agreement on January 30, 2019 by which a portion of the benefits in the amount of **$72,200.00** representing prevailing wage obligations were paid by the General Contractor on the Farnum Courts Project to be held in escrow by the Pellegrino Law Firm pending either mutual agreement of the Parties or a binding Court decision.

14. Defendant Pride failed to make contributions due to the Funds and Union for work covered under the Collective Bargaining Agreement on the Farnum Project in the total amount of **$83,840.67.**

15. The Plaintiff Funds conducted an audit of Pride covering September 2015 through December 2016 which revealed unpaid benefit contributions in the amount of $40,053.15 including audit costs.

16. Defendant Pride has failed to submit reports as required by the Collective Bargaining Agreement for the months of September 2017 through the present.

17. Pride's failure to pay the amounts owed to the Funds and the Union is a violation of ERISA 29 U.S. Code § 1145 requiring contributions to be made to multiemployer plans under the terms of a Collective Bargaining Agreement.

18. The amount owed may increase by the time judgment is entered, as Pride may have continued to employ bricklayers and has not remitted remittance reports for any months after August 2017.

19. Pursuant to 29 U.S.C. 1132(g)(2), the provisions of the Trust Agreements, and the Collective Bargaining Agreement, Pride is liable to the Plaintiffs for the unpaid contributions, an amount equal to the greater of (a) double interest on the unpaid contributions, or (b) interest plus liquidated damages provided for under the Trust Agreements, as well as auditor fees and all attorney fees and court costs incurred by the Funds in the collection process.

## Count II: Breach of Collective Bargaining Agreement

20. The Plaintiffs hereby incorporate by reference Paragraphs 1-16 of the Complaint as fully set herein.

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

21.   Pride's failure to pay the amounts owed to the Funds and the Union is a breach of the Collective Bargaining Agreement.

22.   The amount owed may increase by the time judgment is entered, as Pride may have continued to employ bricklayers and has not remitted remittance reports for any months after August 2017.

23.   Pursuant to the Collective Bargaining Agreement, Pride is liable to the Plaintiffs for all unpaid delinquent Fund contributions, Union Dues, interest on the unpaid contributions and dues, an amount equal to the greater of (a) interest on the unpaid contributions, or (b) liquidated damages provided for in the Plan, reasonable attorney's fees, costs of this action, and such other legal and equitable relief as the Court deems appropriate.

**WHEREFORE, Plaintiff Funds pray:**

A.   That the Funds and Union be awarded the full balance held in Escrow in the amount of **$72,200.00** plus any accrued interest thereon.

B.   That the Pellegrino Law Firm be enjoined from releasing any portion of the amounts held in escrow to Pride during the pendency of this litigation.

C.   That Pride be ordered to pay all unpaid fringe benefit contributions in excess of the Escrow amounts awarded in the total amount of **$123,893.82**.

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

D. That Pride be required to pay the greater of double interest or interest plus liquidated damages on the amount due, accrued from the date of the delinquency until the date of payments.

E. That Pride be ordered to pay the reasonable attorney and auditor fees and costs incurred by the Plaintiffs.

F. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the cost of Pride.

FOR THE PLAINTIFFS,

_____
Alexander S. Lovejoy Esq. (ct30511)
ROBERT M. CHEVERIE
 & ASSOCIATES, P.C.
333 East River Drive, Suite 101
East Hartford, CT 06108-4203
Tele.: (860) 290-9610
Fax: (860) 290-9611
E-mail: alovejoy@cheverielaw.com

7

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132(h), this 1st day of June, 2020 on the following:

Secretary of the Treasury
INTERNAL REVENUE SERVICE
31 Hopkins Plaza, Suite B2
Baltimore, MD  21201
**Attn:  Employee Plans**

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, D.C.  20210
**Attn: Assistant Solicitor for Plan
     Benefits Security**

FOR THE PLAINTIFFS,

*/s/ Alexander S. Lovejoy*
Alexander S. Lovejoy Esq. (ct30511)
ROBERT M. CHEVERIE
 & ASSOCIATES, P.C.
333 East River Drive, Suite 101
East Hartford, CT 06108-4203
Tele.: (860) 290-9610
Fax: (860) 290-9611
E-mail: alovejoy@cheverielaw.com